IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| **KRYSTAN CORNETT**<br>5845 N. Glen Road<br>Cincinnati, OH 45248<br><br>　　　Plaintiff,<br><br>　　v.<br><br>**CREDIT ACCEPTANCE CORPORATION**<br>c/o Corporation Service Company, Registered Agent<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215<br><br>AND<br><br>**JAVITCH BLOCK LLC**<br>℅ Brian Block<br>1100 Superior Avenue, 19th Floor<br>Cleveland, OH 44114<br><br>　　　Defendant(s) | Case No. 18-cv-558<br><br>Judge<br><br>Magistrate<br><br>**COMPLAINT FOR DAMAGES**<br><br>**With Jury Demand** |

Plaintiff KRYSTAN CORNETT ("Plaintiff"), through Counsel, and for her Complaint against Defendants CREDIT ACCEPTANCE CORPORATION ("CAC") and JAVITCH BLOCK LLC ("JB") (hereinafter "Defendants") hereby states the following:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff Krystan Cornett is a natural person who resides at 5845 N. Glen Road, Cincinnati, Ohio.

2. Defendant Credit Acceptance Corporation is a corporation incorporated under the laws of the State of Michigan who is registered with the Ohio Secretary of State. CAC maintains

its principal place of business in Southfield, MI.  CAC is the owner and collector of automobile loans across the United States including in Ohio.

3. Defendant Javitch Block LLC is a domestic limited liability corporation headquartered in Cleveland, Ohio.  JB acts in Ohio and Nationwide as a law firm whose principal business is as a debt collector for its clients and also its own debts.

4. This Court has jurisdiction pursuant to 28 U.S.C. 1331 as this action arises under the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* ("FDCPA"), as well as 11 U.S.C. 105.

5. This Court has supplemental jurisdiction to hear any and all state law claims that are plead herein or that may subsequently arise pursuant to 28 U.S.C. §1367.

6. Venue lies in this District pursuant to 28 U.S.C. §1391(b), as Plaintiff resides and the Residence is within this District and the events giving rise to the claims asserted herein took place in this District.

### INTRODUCTION

7. Like many individuals over the past decade, the Plaintiff experienced financial difficulties and made the decision to seek relief by filing for Chapter 7 under Title 11 of the United States Code to seek a "fresh start" of her obligations owed to her creditors except those which she could decide to reaffirm or were otherwise non-dischargeable.

8. The Plaintiff successfully completed all of the necessary requirements of a Debtor in a Chapter 7 and received her discharge.  Armed with her discharge she believed her liabilities

to Credit Acceptance Corporation had been discharged and the active litigation initiated prior to her bankruptcy filing by Javitch Block LLC on behalf of CAC would be dismissed.

9. Over 3 ½ years after her discharge the Plaintiff's belief of the protections of her discharge order were shatters when she received a Notice of Garnishment filed by Javitch Block LLC on behalf of CAC.

10. Only after JB was contacted by Plaintiff's Bankruptcy Counsel did they seek a release of the garnishment action with the garnishment action pending for six weeks.

11. As a direct result of JB's conduct which was done on behalf of its client, CAC, the Plaintiff has had to spend time and money to speak with her Bankruptcy Counsel, incurred legal fees seeking the garnishment release and now lives with the constant fear, anxiety and concern that either or both Defendants will once again obey the discharge order of the Bankruptcy Court and seek to collect the debt.

## BACKGROUND FACTS
### (Chapter 7 Bankruptcy)

12. On June 26, 2014 the Plaintiff filed her voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code in Case No. 14-12745 in the United States Bankruptcy Court for the Southern District of Ohio, Western Division at Cincinnati. A copy of the docket of the case from the United States Bankruptcy Clerk of Courts is attached as Exhibit A.

13. Prior to the filing of her Chapter 7 Bankruptcy the Plaintiff had incurred an automobile loan with CAC and the vehicle had been repossessed.

14. Prior to the filing of her Chapter 7 Bankruptcy, CAC with JB as their counsel, had also initiated *Credit Acceptance Corporation v. Krystan Cornett, et al*. in Hamilton County Municipal Court Case No. 13CV23454 (the "Lawsuit").

15. When the Plaintiff filed her Bankruptcy Petition, she listed CAC as an unsecured creditor on her Schedule F. A copy of the relevant schedules from her Bankruptcy Petition are attached as Exhibit B to the Complaint. *See Exhibit B* at pp. 1-2.

16. In addition to listing CAC as an unsecured creditor, Defendant JB was also listed on Schedule F for notice purposes. *Id.* at p. 3

17. On her Statement of Financial Affairs the Plaintiff disclosed the Lawsuit in Hamilton County referenced in Paragraph 14. *Id.* at p. 5

18. The United States Bankruptcy Court Clerk of Court sent the Notice of Plaintiff's Bankruptcy Filing and Notice of Meeting of Creditors to each Defendant on June 29, 2014. *See Exhibit A* at p. 2

19. As reflected on the Clerk's docket neither of the Notices to the Defendants was returned for a bad address.

20. The Plaintiff received her Chapter 7 Discharge on October 28, 2014. A copy of the discharge was sent to each Defendant by the United States Bankruptcy Court Clerk of Courts on October 31, 2014. *Id.* at p. 3

**(The Lawsuit Timeline Post-Petition)**

21. On or about July 7, 2014 Plaintiff's Bankruptcy Counsel filed a Notice of Chapter 7 filing in the LAWSUIT.

22. With the Notice of Chapter 7 Filed, the Municipal Court dismissed the Garnishment Action on July 15, 2014.

23. At no time after the dismissal of the garnishment and up to the present time neither CAC nor JB has dismissed the Lawsuit.

24. Instead on January 12, 2018 JB, on behalf of CAC, filed a new notice of garnishment in the lawsuit which was served on Plaintiff's former employer. The Plaintiff never received a copy of this Notice of Garnishment.

25. On April 5, 2018 despite the Notice of Chapter 7 Filing and Discharge, JB on behalf of CAC filed a new garnishment notice in the Lawsuit and served it upon Plaintiff's present employer.

26. The Plaintiff did not immediately receive notice of this filing but on or about May 7, 2018 the Plaintiff received the April 5, 2018 Notice from her employer.

27. Upon receiving the Notice the Plaintiff was upset, anxious and confused as the debt owed to CAC had been discharged.

28. The Plaintiff immediately contacted her Bankruptcy Counsel who in turn contacted one of the attorneys at JB who had signed the April 5, 2018 Notice.

29. On or about May 9, 2018 JB sent correspondence to the Plaintiff and to the Hamilton County Clerk of Courts notifying them to release the garnishment. A copy of this correspondence along with the Notices is attached as Exhibit C.

30. Even though JB purportedly sent this correspondence on May 9, 2018, the release did not occur until May 23, 2018 in the Lawsuit.

31. Since her discharge the Plaintiff has received no other attempts to collect on this debt by CAC other than the continuation of the lawsuit by its agent JB however she continues to live in constant fear, concern and anxiety that Defendant CAC and/or Defendant JB will wrongfully seek to assert a right to collect on the debt as both parties have failed to dismiss the Lawsuit and/or seek personal liability on this debt in direct contradiction to the Discharge.

32. In addition to her anxiety over the collection action both CAC and JB's willful and careless actions have caused the Plaintiff to continue to suffer emotional distress driven by fear, anxiety and mistrust in both the Judicial System of the Bankruptcy Court and the Judicial System as a whole.

**COUNT ONE: VIOLATIONS OF 15 U.S.C. § 1692(d), (e), and (f) - DEFENDANT JB**

33. Plaintiff restates and incorporates herein all of their statements and allegations contained in paragraphs 1 through 32 in their entirety, as if fully rewritten.

34. The Plaintiff is a "consumer" as that term is defined within the FDCPA.

35. Defendant JB is a "debt collector' as that term is defined by the FDCPA.  In addition based on the allegations above at the point the debt was discharged in the Chapter 7, no party, including Defendant JB or the original creditor, had a legitimate interest in the debt as it was discharged as a matter of law.

36. The automobile loan that is the relevant unsecured claim in Plaintiff's Chapter 7 Petition was a debt used for primarily individual, household, or personal use.

37. The act of moving forward with the garnishments on January 12, 2018 and April 5, 2018 seeking to garnish on a judgment for discharged debt are two (2) separate acts that violate 15 U.S.C. 1692(d) as employing an unfair and unconscionable means to collect a debt.

38. The acts described above, *supra*, and in Paragraph 37 above violate 15 U.S.C. 1692(e) and (e)(2) as both acts are individually a false representation as to the legal status of the debt which was discharged.

39. The acts described above, *supra*, and in Paragraph 37 above violate 15 U.S.C. § 1692(f) as unconscionable means to collect a debt.

40. As demonstrated by its repeated failures not to dismiss the Lawsuit, the Plaintiff is at constant risk of incurring additional unwarranted legal fees and costs as Defendant JB, either directly or on behalf of Defendant CAC, has clearly demonstrated a willingness to disobey Orders of the Bankruptcy Court and seek to unlawfully collect a discharged and unenforceable debt.

41. In addition JB's conduct has caused the Plaintiff to suffer emotional distress driven by the fear that this discharged debt may be collected upon again which has resulted in loss of sleep, anxiety, depression, and embarrassment.

42. JB's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

43. JB is liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

**COUNT TWO: VIOLATIONS OF 15 U.S.C. § 1692(d), (e), and (f) - DEFENDANT CAC**

44.     Plaintiff restates and incorporates herein all of their statements and allegations contained in paragraphs 1 through 32 in their entirety, as if fully rewritten.

45.     The Plaintiff is a "consumer" as that term is defined within the FDCPA.

46.     Defendant CAC is a "debt collector' as that term is defined by the FDCPA. In addition based on the allegations above at the point the debt was discharged in the Chapter 7, no party, including Defendant CAC had a legitimate interest in the debt as it was discharged as a matter of law.

47.     The automobile loan that is the relevant unsecured claim in Plaintiff's Chapter 7 Petition was a debt used for primarily individual, household, or personal use.

48.     The act of moving forward with the garnishments on January 12, 2018 and April 5, 2018 seeking to garnish on a judgment for discharged debt are two (2) separate acts that violate 15 U.S.C. 1692(d) as employing an unfair and unconscionable means to collect a debt done by CAC's agent, JB.

49.     The acts described above, *supra*, and in Paragraphs 37 and 48 above violate 15 U.S.C. 1692(e) and (e)(2) as both acts are individually a false representation as to the legal status of the debt which was discharged done by CAC's agent, JB.

50.     The acts described above, *supra*, and in Paragraphs 37 and 48 above violate 15 U.S.C. § 1692(f) as unconscionable means to collect a debt done by CAC's agent, JB.

51.     As demonstrated by its repeated failures not to dismiss the Lawsuit, the Plaintiff is at constant risk of incurring additional unwarranted legal fees and costs as Defendant JB, either directly or on behalf of Defendant CAC, has clearly demonstrated a willingness to disobey

Orders of the Bankruptcy Court and seek to unlawfully collect a discharged and unenforceable debt.

52. In addition CAC's conduct through its agent has caused the Plaintiff to suffer emotional distress driven by the fear that this discharged debt may be collected upon again which has resulted in loss of sleep, anxiety, depression, and embarrassment.

53. CAC's conduct was outrageous, willful, and wanton, and it showed a reckless disregard for the Plaintiff's rights.

54. CAC is liable to the Plaintiff for actual damages, statutory damages, and Plaintiff's attorney's fees and costs.

## COUNT THREE: VIOLATIONS OF THE OCSPA - BOTH DEFENDANTS

55. The Plaintiff incorporate all allegations contained in Paragraphs 1 through 32 as if fully restated herein.

56. Plaintiff is a consumer within the meaning of ORC § 1345.01(D).

57. Defendant Credit Acceptance Corporation is a "supplier" as that term is defined by ORC § 1345.01(C).

58. Defendant Javitch Block LLC is a "supplier" as that term is defined by ORC § 1345.01(C) as at all times described herein, it was acting as an agent for CAC.

59. The Plaintiff and Defendant CAC entered into a "consumer transaction" sometime prior to 2013 as demonstrated by Exhibits A-C and the Lawsuit.

60. Based upon Exhibits B and C, both CAC and JB have engaged in a series of unfair, unlawful and/or deceptive acts by improperly filing two (2) garnishment notices

after the discharge of the underlying liability owed to CAC and failing to dismiss the Lawsuit despite the Notice of Chapter 7 filing, Exhibit B, and the Discharge Order.

61. The actions described above, *supra*, and summarized in Paragraph 60 also violate ORC 1345.02(A) as an unfair or deceptive act in connection with a consumer transaction.

62. Based on the allegations above Defendant CAC and Defendant JB have each violated the CSPA and the Plaintiff is entitled to an award jointly and severally against the Defendants for actual damages in the amount to be determined at trial, statutory damages of up to $5,000.00, treble damages, as well as an award of reasonable attorney's fees.

**COUNT FOUR: VIOLATION OF 11 U.S.C. 524 – DISCHARGE INJUNCTION - BOTH DEFENDANTS**

63. The Plaintiff realleges all allegations contained in Paragraphs 1 through 32 as if fully restated herein.

64. This Court has jurisdiction of matters of the Bankruptcy Court pursuant to 28 U.S.C. 1334(a).

65. 11 U.S.C. 524(a)(2) states a discharge in a case under this title operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

66. As stated above the Plaintiff received her discharge under Title 11 of Chapter 7 of the United States Bankruptcy Code on October 28, 2014.

67. Based upon the Notice of Chapter 7 Filing, Schedule F and Statement of Financial Affairs of Plaintiff's Chapter 7 Petition (*Exhibit B*), and her Discharge order, there is no doubt as of October 28, 2014 the Plaintiff had no legal obligation on the underlying debt held by Credit Acceptance Corporation.

68. Based upon the Notice of Chapter 7 Filing, *Exhibit B*, and the Plaintiff's Discharge Order, there is no doubt that as of October 28, 2014 that either Defendant Credit Acceptance or Defendant Javitch Block LLC had standing to continue the Lawsuit as Defendant CAC had no enforceable interest in the debt.

69. Based on the allegations above over 3 ½ years after the Plaintiff's discharge Defendant Javitch Block despite Notice of the Chapter 7 Filing and Discharge from both the Bankruptcy Court Clerk of Court and Plaintiff's Bankruptcy Counsel filed two (2) Notices of Attempts to Garnish in the Lawsuit seeking to garnish Plaintiff's wages on behalf of Defendant Credit Acceptance Corporation on a discharged debt.

70. Based on the allegations above aside from Exhibit C neither Defendant CAC nor Defendant JB has taken steps to dismiss the lawsuit instead allowing only the garnishment to be dismissed, leaving the Plaintiff further susceptible to other garnishment proceedings on CAC's debt.

71. The acts of Defendants CAC and JB described herein demonstrate a willful pattern of overt acts that violate the discharge order obtained by the Plaintiff which must be stopped.

72. As a result of the above violations of the discharge, the Plaintiff is entitled to recover against Defendants Javitch Block and Credit Acceptance Corporation jointly and severally an award of actual damages, punitive damages and legal fees and expenses pursuant to 11 U.S.C. 105.

### COUNT FIVE: CONTEMPT FOR VIOLATION OF ORDER OF BANKRUPTCY COURT - BOTH DEFENDANTS

73. The Plaintiff realleges all allegations contained in Paragraphs 1 through 32 as if fully restated herein.

74. This Court has jurisdiction of matters of the Bankruptcy Court pursuant to 28 U.S.C. 1334(a).

75. 11 U.S.C. 105(a) permits the Court to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this Title.

76. As stated above the Plaintiff received her discharge under Chapter 7 of Title 11 of the United States Code on October 28, 2014.

77. At the time of receiving her discharge, the Plaintiff had no further personal liability to the unsecured claim held by Defendant Credit Acceptance Corporation.

78. Based on Exhibits A and B there is no dispute that Defendant CAC was a duly listed creditor and Defendant JB was a duly listed notice party for which the Bankruptcy Court Clerk of Court served the Notice of Chapter 7 Filing and Discharge to addresses which both Defendants routinely receive notices from the Bankruptcy Court.

79. There is also no dispute that both Defendants are well familiar with the Bankruptcy Code as at any time both Defendants are involved with numerous cases in some

capacity in the Southern District of Ohio Bankruptcy Court as well as Bankruptcy Courts throughout the Country.

80. As demonstrated by Exhibit C, Defendant JB on behalf of Defendant CAC made attempts to collect a debt in direct violation of the Discharge Order when it issued two separate wage garnishments and only after intervention by Plaintiff's Bankruptcy Counsel, who had previously filed a Notice of Bankruptcy Filing in the Lawsuit, did the Defendants attempt to mitigate their indiscretion by withdrawing the order for garnishment.

81. Despite withdrawing the garnishment orders neither Defendant CAC nor Defendant JB have dismissed the Lawsuit despite the fact that the Plaintiff has discharged the underlying debt and the Defendants have had ample time - over 4 years - with knowledge of the Chapter 7 Filing and Discharge.

82. At the time of Plaintiff's Discharge both Defendants knew or should have known to take steps in the Lawsuit to ensure that upon the Plaintiff's discharge to ensure no party would take an action to pursue the discharged debt or take an action to create an enforceable mortgage as the debt and claim were discharged.

83. The acts of Defendant JB on behalf of Defendant CAC described herein demonstrate a willful pattern of overt acts that violate the Discharge Order issued by the Bankruptcy Court which must be stopped by this Court.

84. As a result of the above violations, Defendants JB and CAC are each in contempt of the Discharge Order and this Court should enter an award against each Defendant to the

Plaintiff of of actual damages, punitive damages and legal fees and expenses pursuant to 11 U.S.C. 105.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff KRYSTAN CORNETT respectfully requests for the following relief against Defendant CREDIT ACCEPTANCE CORPORATION and Defendant JAVITCH BLOCK LLC:

A. For an award of statutory damages of $1,000.00 (against Defendant Javitch Block as to the allegations contained in Count One;

B. For an award of statutory damages of $1,000.00 against Defendant Credit Acceptance Corporation as to the allegations contained in Count Two;

C. For an award of statutory damages of at least $500.00 but up to $5,000.00 against Defendant Javitch Block as to the allegations contained in Count Three;

D. For an award of statutory damages of at least $500.00 but up to $5,000.00 against Defendant Credit Acceptance Corporation as to the allegations contained in Count Three;

E. For an award of treble damages, as applicable, against Defendant Javitch Block and/or Defendant Credit Acceptance Corporation as to the allegations contained in Count Three;

F. For an award of actual damages in an amount to be determined at trial against each Defendant, jointly and severally, as to the allegations contained in Counts One through Five;

G. For an award of punitive damages in an amount to be determined at trial against Defendants Javitch Block and/or Defendant Credit Acceptance Corporation pursuant to 11 U.S.C. 105 as to the allegations contained in Counts Four and/or Five,

H. For an award of Plaintiff's reasonable attorneys fees against Defendant Javitch Block and/or Defendant Credit Acceptance Corporation as to the allegations contained in Counts One, Two, Three and/or Four; and and

A) For all other relief this Court may deem just and proper.

Respectfully Submitted,

*/s/*Brian D. Flick, Esq.
Brian D Flick (0081605)
Marc E. Dann (0039425)
DannLaw
P.O. Box 6031040
Cleveland, OH  44103
Phone: (216) 373-0539
Facsimile: (216) 373-0536
notices@dannlaw.com
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues, with the maximum number of jurors permitted by law.

*/s/*Brian D. Flick, Esq.
Brian D Flick (0081605)
DannLaw